GEORGE M. CALDWELL, Plaintiff, Appellant, v. W. L. WRIGHT et al., Defendants, Respondents.

St. Louis Court of Appeals, April 23, 1901.

1. **Partition of Personal Property:** PETITION: PRACTICE AND PROCEEDINGS: STATUTORY CONSTRUCTION. Partition of personal property is authorized by section 4432, Revised Statutes 1899, where the specific prayer of the petition filed is for the partition between plaintiff and defendant as joint owners, respectively, of the personal property described in the petition.

2. ———: ———: PLEADING: PETITION. And when the petition contains a prayer for general relief, the plaintiff is entitled to all or any redress which the facts set forth in the petition would authorize.

3. ———: ———: ALLEGATIONS: RELIEF. In the case at bar, the allegations of the petition would warrant a recovery for the value of plaintiff's one-half ownership in the property described, if defendants have appropriated the entire property, or its entire proceeds to their exclusive use and benefit, and plaintiff would be further entitled to charge the other one-half interest in said prop-

Caldwell v. Wright.

erty, or its proceeds in the hands of defendants, with any valid lien existing in his favor against the vendor of defendants which was known to them at the time of their purchase, or of whose existence they were put upon legal inquiry.

4. ——— : ——— : REFEREE: PRACTICE, TRIAL: PRACTICE, APPELLATE. And in the case at bar, this equitable feature, coupled with the necessity, as shown by the pleadings, for an examination of a long account, invested the trial court with power to send the case to a referee, whose findings upon the evidence, as well as those of the trial court, upon exceptions to his report, are properly reviewable on appeal.

Appeal from Pike Circuit Court.—*Hon. Elliott M. Hughes,* Judge.

REVERSED AND REMANDED.

### STATEMENT OF THE CASE.

The petition in this case alleges, in substance, that plaintiff, G. M. Caldwell, was the owner of a farm of five hundred and five acres in Pike county, on the ——— day of January, 1896, and also of a large amount of personal property then on said farm; that on said date he entered into a written contract with one Thomas J. Renfro, whereby he sold and conveyed to said Renfro an undivided one-half interest in the aforesaid personal property for the price of nine hundred and eighty-eight dollars and fifty-two cents, of which two hundred and ninety dollars was paid in cash, and the note of the purchaser taken for the balance, to-wit, six hundred and ninety-eight dollars and fifty-two cents, due one day after date, bearing seven per cent interest after maturity. It further states that said contract provided that the proceeds of the sale of Renfro's interest should be applied to the payment of his note for the residue of the purchase money; that since this transaction and

in pursuance of the joint farming operations thereafter carried on by the parties, other personal property was purchased for their joint account, the whole price of which was paid by plaintiff upon the further agreement with said Renfro that upon the sale thereof, so much of the proceeds as would be coming to said Renfro on account of his one-half interest, should be first applied to the reimbursement of plaintiff for the total price paid by him in the original purchase of the property. The petition further alleges that on the thirteenth day of February, 1899, there was due plaintiff from said Renfro on account of his purchase from plaintiff, and plaintiff's payment of the total price of the purchases for their joint account, a sum of money which could only be ascertained by the taking of an account involving over two hundred items; that on said day and while so indebted, the said Renfro disposed of sixty-four head of sheep and twenty lambs, plaintiff being the owner of an undivided one-half interest in said property, and entitled to a lien on the other undivided one-half interest belonging to the said Renfro, to secure the amount due from him to plaintiff; notwithstanding which, it is alleged, said Renfro sold out his interest in said stock to defendants, W. L. Wright and Benjamin Radford, without the knowledge and consent of the plaintiff, and with the knowledge on the part of such purchasers of plaintiff's rights in and to said property, and of the lien in his favor against the same. The petition prays for a partition of the property above described and a division of the proceeds, according to the rights of the parties, and for general relief.

The answer contains a general denial and a second defense, alleging that the purchase price of the property described in plaintiff's petition was made by the defendants in good faith and without notice of any of the claims set forth in plaintiff's petition, or of any unadjusted account between him and the said Renfro; and for a further defense alleges that Renfro had been

the occupant of the plaintiff's farm, where said personal prop-
erty was kept, for three years, and during said period had, at
all times, with the knowledge, assent and approval of plaintiff,
sold and purchased stock similar to those described in the peti-
tion, and accounted for the proceeds to plaintiff to the amount
of some three thousand dollars; wherefore, it is claimed plain-
tiff is estopped from any claim against these defendants by
reason of having permitted said Renfro to deal with similar
property in the manner aforesaid. The answer finally avers,
that plaintiff held out said Renfro as his partner, and as such
was invested with full authority to buy and sell and otherwise
manage and control all the stock kept on said farm; that the
amount paid for the property described in the petition was
used by said Renfro in paying off and discharging the debts
for which he and plaintiff were liable.

The reply was a general denial. Of its own motion, the
court referred the issues made by the pleadings to a referee, who,
after taking evidence, reported in substance a finding that the
plaintiff was the owner of the farm referred to in his petition
and a large amount of personal property situated thereon; that
he sold one-half of the said personal property to one Thomas J.
Renfro, as stated in the petition, and received from him the
consideration therein mentioned. Whereupon, said Renfro
entered into an agreement for the use of the farm for five years,
contracting therein that the proceeds of the sale of his interest
in the property purchased from plaintiff should be applied to
the payment of the note given by him therefor in the sum of
six hundred and ninety-eight dollars and fifty-two cents. The
referee made a further finding that plaintiff had put into said
joint business in money and stock, since the execution of said
contract, fifteen hundred and twelve dollars and seventy-three
cents, and was entitled to receive this amount out of the joint
business; that on the sixteenth of February, 1899, there was

on said farm as the property of plaintiff and said Renfro, the particular sheep and lambs described in the petition, none of which, however, were any part of the property which Renfro originally purchased from plaintiff at the time of the formation of the contract between them; that on 'the day in question, the said Renfro sold this stock for two hundred and fifty-six dollars to the defendants, using only fifty-five dollars and twenty cents in the payment of indebtedness of the joint business, and applying the balance to the payment of his individual debts and to his individual use; that on the same date, said Renfro was indebted to plaintiff on account of three rent notes given for the use of the farm in the sum of nine hundred and thirty-nine dollars and fifteen cents, and in the further sum of six hundred and ninety-eight dollars and fifty-two cents, evidenced by his note executed as aforesaid; that up to this date plaintiff had not withdrawn the authority of said Renfro to sell and dispose of any and all their joint property on joint account. He further finds that such previous authority on the part of Renfro was known to the defendants, who bought the property described in the petition from him, without any knowledge or information as to the state of his accounts with plaintiff, nor of the contents and terms of their contracts and agreements, but purchased the same in good faith and for a valuable consideration, and thus became the owners thereof, and that as to them, plaintiff was not entitled to any relief.

The court sustained the exceptions taken by plaintiff to the report of the referee, in so far as it found the defendants were purchasers without notice of plaintiff's right and equities; and overruled two other exceptions to the report, on account of its finding that plaintiff had no lien on the property in controversy, and that Renfro was in possession of five hundred and eighty dollars and forty-five cents, belonging to plaintiff and himself; and gave judgment in favor of plaintiff and against defendants

for the sum of seventy-nine dollars and twenty-nine cents, from which decree both parties have appealed.

*W. W. Botts* and *J. D. Hostetter* for appellants.

(1) This being a suit for the partition of certain specific personal property, a personal money judgment against the defendants was unwarranted by the nature of the proceedings and was not the relief prayed for in the petition. The only proper decree which can be rendered in a plaintiff's favor in such an action, would be one dividing the property in kind, or providing for a sale of the same and a division of the proceeds in accordance with the ascertained rights of the parties. R. S. 1899, secs. 4432, 4433. (2) This rule is not altered by the fact that the defendants have disposed of the property in controversy since the institution of the suit. Their alienee necessarily took the title subject to the result of the litigation then pending, whether he had actual notice of it or not. Fletcher v. Ferrell, 9 Dana (Ky.), 373; Carr v. Lewis Coal Co., 96 Mo. 149; 2 Black on Judgments, sec. 550; Murray v. Ballou, 1 Johns. Ch. 566; Newton v. Chapman, 2 Rand. 93. (3) The doctrine of *lis pendens,* according to the great weight of authorities, a few of which have been cited above, applies with greater strictness to all personal property (except negotiable paper) than to real estate, because of the greater ease with which the former can be transferred to parties having no actual notice of the pending litigation.

*J. H. Blair & Son* and *R. F. Roy* for plaintiff.

(1) Prior to the purchase, Wright was informed, on at least two occasions, by the plaintiff, of Renfro's indebtedness

to him.   Plaintiff exhibited his notes on Renfro to Wright, told him that Renfro had been there on the farm three years and had neither paid him for the stock, rent or interest, and that he was going to Bowling Green, Missouri, to have the property put into the hands of a receiver and the business wound up, and Wright agreed to act as receiver for a commission of two per cent.   Three days after this information was imparted to him, Wright and Radford purchased the property.   (2) The business relations between the defendant, Wright, and Renfro were very intimate.   Wright must have known the condition of the plaintiff and Renfro's joint business thoroughly.   He sold to them, through Renfro, thirty cows for at least $300 more than they were worth; was Renfro's banker; cashed checks sent to Renfro by the plaintiff; Renfro remitted through Wright's bank to the plaintiff the proceeds of the sale of the joint property; cashed sale notes for Renfro taken on sales of said property, and though Renfro and G. B. Dowell lived near each other in the country, they had to go to Vandalia to procure the assistance of this banker to effect the sale of some of the joint property to Dowell.   This occurred two days before Wright and his negro partner bought the property in question.   These facts constituted constructive notice.

BOND, J.—The learned trial court rendered a personal judgment in this case against the defendants for the value of the remaining one-half interest in the property acquired by them after deducting a small sum applied to the joint indebtedness of the original joint owners of the property.   The specific prayer of the petition was for the partition between the plaintiff and defendants, as joint owners respectively, of certain described personal property.   Such a proceeding is authorized by statute.   R. S. 1899, sec. 4432 et seq.   The petition, however, contained a prayer for general relief.   When this is the case,

the plaintiff is entitled to all or any redress which the facts set
forth in the petition would authorize.    In this case, the alle-
gations of the petiton would warrant a recovery for the value
of plaintiff's one-half ownership in the property described, if
defendants have appropriated the entire property, or its entire
proceeds, to their exclusive use and benefit, and plaintiff would
be further entitled to charge the other one-half interest in
said property, or its proceeds, in the hands of defendants, with
any valid lien existing in his favor against the vendor of the
defendants, which was known to them at the time of their pur-
chase, or of whose existence they were put upon legal inquiry.
This equitable feature in the case at bar, coupled with the
necessity, as shown by the pleadings, for the examination of a
long account, invested the trial court with the power to send
the case to the referee, whose findings upon the evidence, as
well as those of the trial court, upon exceptions to his report
are properly reviewable on appeal.    R. S. 1899, sec. 698; Bond
v. Finley, 74 Mo. App. loc. cit. 25; Small v. Hatch, 151 Mo.
loc. cit. 307.    Proceeding, therefore, to make our own find-
ing according to the preponderance of the evidence, the first
question for ascertainment is, whether or not the plaintiff had
any specific lien or equitable charge upon the one-half interest
in the property owned by Renfro, the vendor of the defend-
ants.    Certainly no such right grew out of, or was connected
with, the stipulations of the original written contract between
plaintiff and Renfro, for the terms of that agreement simply
charged the one-half interest in the stock *then* bought, with a
lien for the note given in part payment of the price; whereas,
the stock in controversy in this action constituted no part of
those first purchased by Renfro. It is apparent, therefore, that
the original written contract gave plaintiff no right to the lien
which is the present subject of inquiry.    Nor, is it claimed
that the record presents any other written evidence of such

lien. It is true, plaintiff, in testifying for himself, uses the following language: "For the additional money I paid out I understood that the original cost was to be paid and whatever was left was the property of us equally." Conceding for the argument *only,* that this statement furnished a basis for an inferable contract fixing a lien upon the one-half interest of Renfro in the property subsequently bought for their joint account and paid for in whole by plaintiff to the extent of reimbursing the latter, still it was wholly insufficient to charge such lien upon the property in the hands of the defendants in view of the utter dearth of evidence that they had any notice of this unadjusted indebtedness of their vendor at the time they bought the stock from him. Moreover, the foregoing statement of plaintiff is flatly contradicted by the testimony of Renfro. We accordingly find that the record herein fails to show any equitable lien or charge in favor of plaintiff on the one-half interest in the property which was owned by Renfro at the time he transferred the same to defendant. It results that there can be no recovery in this action for the appropriation to themselves by defendants of such one-half interest in the property. But, the undisputed evidence shows that the other one-half interest in the stock was owned by plaintiff. He was, therefore, entitled to recover the value thereof, if the defendants have converted the same to their own use, unless the evidence sustains the affirmative defense in the answer, that the defendants in good faith and without notice purchased the property in controversy from a vendor (Renfro), clothed with authority to sell. A careful consideration of the entire evidence satisfies us that plaintiff gave such ostensible authority to Renfro by a continuous course of dealing, and that defendants purchased the property from him without notice of any fact or circumstance sufficient to charge them with the duty of seeing to the application of any part of the purchase price. The

record teems with evidence that for more than three years preceding the present transaction, Renfro, either by precedent, written or oral authority, or subsequent express ratification on the part of plaintiff, made sales of the joint property owned by them to the aggregate of sixty-four hundred and fifteen dollars and forty-nine cents, and that his power and authority thus to do was well known and acted upon in the community where he lived. The record fails to show that plaintiff ever notified either of the defendants of the cessation of the authority thus conferred by him; nor, is there any substantial evidence in the record that defendant Radford, who purchased the property in dispute for himself and his co-defendants, had any knowledge or information whatever that plaintiff was entitled to any interest therein, as joint owner or otherwise. The record further shows that Radford paid the full price of the property so purchased by check, which was honored and the proceeds placed to the credit of Renfro. While it is true Renfro did not apply the bulk of the money thus received to the joint indebtedness of himself and plaintiff, the vendees can not be held liable in the present action for this misappropriation. This is not a suit to wind up a co-partnership and to collect co-partnership assets for the benefit of co-partnership creditors, and, hence, the power of working out a prior equity in favor of such creditors through the medium of the partners themselves in an appropriate proceeding, is not before us for decision.

It follows from what has been said that the learned circuit judge erred in sustaining plaintiff's exceptions to the report of the referee, and in refusing to dismiss the petition as recommended in said report. The judgment herein is reversed and the cause remanded, to be disposed of in conformity with this opinion. All concur.